IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**RANDY GEAN WILLIAMS,**

       **Petitioner,**

v.                                                       Criminal Action No. 2:99cr116

**UNITED STATES OF AMERICA,**

       **Respondent.**

**OPINION and ORDER**

      This matter comes before the court on the petitioner's "Application For Petition For Writ of Audita Querela", filed on September 23, 2005. In his petition, the petitioner is asking this court to review the same claims that he has made to this court over the past several years. The court determines that it lacks jurisdiction over the petitioner's motion, as it is in reality a successive request for relief pursuant to 28 U.S.C. § 2255. Accordingly, the instant motion is **DISMISSED**.

I. Procedural Background

      On July 22, 1999, a federal grand jury returned a two-count indictment against the petitioner and other co-defendants, charging violations of federal drug and money laundering conspiracy statutes. Following a trial by jury, the petitioner was convicted on January 14, 2000 of both counts of the indictment. On April 24, 2000, this court sentenced the petitioner to life imprisonment on Count One and 240 months imprisonment on Count Two, to run concurrently.

      The petitioner appealed his conviction and sentence to the United States Court of Appeals

for the Fourth Circuit. In an unpublished opinion issued on December 19, 2001, the Court of Appeals affirmed the petitioner's conviction and sentence. See <u>United States v. Boone</u>, 2001 WL 1627627 (4th Cir. 2002). The petitioner then petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 28, 2002. The petitioner filed a timely motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This court denied the section 2255 motion on August 8, 2003 and further denied the petitioner a certificate of appealability. On February 27, 2004, the Court of Appeals dismissed the petitioner's appeal and also denied the petitioner a certificate of appealability. The petitioner then petitioned the United States Supreme Court for a writ of certiorari, which was denied on May 24, 2004.

On July 23, 2004, the petitioner filed a motion to reduce his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Following the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the petitioner filed a "Notice of Judicial Cognizance," requesting that the court take judicial notice of the <u>Booker</u> decision in ruling on the petitioner's motion for reconsideration. On March 21, 2005, this court dismissed the petitioner's motion for lack of jurisdiction because the petitioner's motion was in reality an attempt to file a successive petition under section 2255. On April 1, 2005, the petitioner appealed this court's order. However, on September 21, 2005, the Court of Appeals dismissed the petitioner's appeal and denied him a certificate of appealability. On September 23, 2005, the petitioner filed the instant "Application For Petition For Writ of Audita Querela."

## II. Discussion

In his petition, the petitioner again claims, based on <u>Booker</u>, that his Sixth Amendment right to a jury was violated when this court sentenced him under the mandatory sentencing guidelines. In

2

his memorandum, the petitioner states that he is bringing his claim in the form of a petition for a writ of audita querela because he is forclosed from bringing his Booker claim in a section 2255 petition. He claims that this court should grant him relief pursuant to a writ of audita querela because this is the only post-conviction remedy that would allow the petitioner to redress his legal objection. However, the court finds that it is without jurisdiction to address this matter because the petition is in reality an attempt to file a successive petition under section 2255.

Audita querela is a common law writ that is used to obtain relief from a judgment "where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy." United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991); see also In re Van Wagner, 1995 U.S. App. LEXIS 23901 (4th Cir. 1995)(unpublished). Although the writ of audita querela was expressly abolished by amendments to Fed. R. Civ. P. 60(b)" . . .[,it] may still be available in appropriate circumstances in criminal proceedings notwithstanding the language of Rule 60(b)." Holder, 936 F.2d at 5; see also United States v. Morgan, 346 U.S. 502 (1954). However, the Fourth Circuit has held that relief under a writ of audita querela is a drastic remedy and should be used only in extraordinary circumstances. In re Rushing-Floyd, 62 Fed. Appx. 64 (4th Cir. 2003)(unpublished)(citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987)). The fact that a prisoner is denied relief pursuant to a section 2255 petition does not entitle him to such extraordinary relief. In re Rushing-Floyd, 62 Fed. Appx. at 65 (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs"); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

Furthermore, relief from judgment denying relief under section 2255 "should be sought with Rule 60(b) rather than with the abolished writ of audita querela." United States v. Falesbork, 68 Fed. Appx. 401, 402 (4th Cir. 2003)(unpublished)(citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

In this case, the petitioner has previously filed a section 2255 petition, which this court denied and the Court of Appeals affirmed by dismissing the petitioner's appeal and denying him a certificate of appealability. In addition, the petitioner has previously filed a Rule 60(b) motion asking this court to reconsider its prior order denying his section 2255 petition. This court denied his Rule 60(b) motion and the Court of Appeals again dismissed the petitioner's appeal and denied him a certificate of appealibility. The petitioner is now attempting to assert the same claim through a petition for a writ of audita querela. Although the petitioner cloaks his claim under a different name, his petition is in reality a successive attempt to file a section 2255 petition. The fact that the petitioner was denied relief pursuant to section 2255 does not entitle him to relief under a writ of audita querela.

As this court explained to the petitioner in its previous order, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996) includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals as provided for in 28 U.S.C. § 2244. See 28 U.S.C. § 2255. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

4

the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Such authorization will only be granted if the Court of Appeals certifies that the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

As this court explained in its March 21, 2005 order, the problem for the petitioner in seeking such certification will be that the governing language of section 2255 provides that in order for a petitioner, who has completed his first round of section 2255 review, to reap any benefit from a new rule, the Supreme Court itself must explicitly make the new rule retroactive to cases on collateral review.  See 28 U.S.C. § 2255 para. 8(2); Tyler v. Cain, 533 U.S. 656, 662 (2001). The Supreme Court has not held that the rule announced in Booker is retroactive to claims on collateral review. Furthermore, since this court's March 21, 2005 order dismissing the petitioner's Rule 60(b) motion, the Fourth Circuit has explicitly held that Booker is not retroactive on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). As the petitioner has not obtained the appropriate certification from the Court of Appeals, the court finds that he is barred from filing what is in reality a successive section 2255 motion.

The fact that the petitioner now brings his claim pursuant to a petition for writ of audita querela does not change the fact that he is seeking the same relief from his conviction and sentence that he has sought from this court in different forms over the past several years. The Fourth Circuit

has a "longstanding practice . . . to classify pro se pleadings from prisoners according to their contents, without regard to their captions." See Winestock, 340 F.3d at 203. Accordingly, the instant motion must be **DISMISSED** because the court lacks jurisdiction to entertain it. Id. at 207.

### III.  Conclusion

As the petitioner has not obtained the appropriate certification from the Court of Appeals, the court finds that he is barred from filing a successive section 2255 motion. Accordingly, the petition must be **DISMISSED** because the court lacks jurisdiction to entertain it. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

The petitioner is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 21, 2005